UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERI ANN STIBBE,

        Petitioner,

        v.                                      Case No. 10-C-0859

UNITED STATES OF AMERICA,

        Respondent.

## DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND DISMISSING CASE

Teri Ann Stibbe is in federal custody following conviction for distributing heroin, resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)© and 18 U.S.C. § 2. Stibbe pled guilty and was sentenced by this court to ninety-six months' imprisonment plus five years of supervised release. After her conviction and sentence were affirmed on appeal, Stibbe filed a motion under 28 U.S.C. § 2255.

In her motion, Stibbe alleges ineffective assistance of trial and appellate counsel. She asserts that trial counsel wrongfully rejected and then incorrectly advised her regarding a plea bargain on charges in Ozaukee County. She says that after turning down (without her knowledge) an offer of seven years' incarceration on a state charge, counsel told her it was because in the federal system she would not serve as much time. Also, she contends that trial counsel provided deficient representation at sentencing because he failed to challenge criminal history points for retail theft crimes other than by mentioning that her criminal history was overstated. Regarding appellate counsel, Stibbe claims he failed to argue that the factual allegations presented did not establish guilt of distributing heroin resulting in death and that Congress never intended the users of drugs to be deemed as culpable as the sellers of drugs. Lastly, Stibbe argues that this court promised her a year

reduction in sentence upon successful completion of the Bureau of Prisons' 500-hour drug treatment program.

Section 2255(a) permits a federal prisoner to seek vacation of her conviction on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." A defendant may raise an ineffective assistance of counsel claim in a § 2255 proceeding even if not raised on appeal. *See Massaro v. United States*, 538 U.S. 500 (2003).

## INEFFECTIVE ASSISTANCE OF COUNSEL

To show ineffective assistance of counsel a petitioner must establish that counsel's performance was deficient, i.e., that it fell below an objective standard of reasonableness, and that she was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the performance prong of the *Strickland* test, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688. The court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. *Strickland* permits a wide latitude of permissible attorney conduct. *See id.* at 689. Judicial scrutiny is "highly deferential" and the court strongly presumes that counsel's conduct was reasonable. *Id.* The petitioner must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* Counsel's performance must be evaluated from his or her perspective at the time; hindsight should not distort the evaluation. *Id.*

Once the petitioner establishes counsel's ineffectiveness, she must demonstrate prejudice. "The defendant must show that there is a reasonable probability that, but for

2

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Id.* at 697. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice that course should be followed. *Id.*

First, Stibbe argues that trial counsel was ineffective because he rejected a state court plea bargain of seven years without telling Stibbe and then told her he thought she would receive a more favorable sentence in federal court than in state court. On this claim, Stibbe offers her husband's statement, attesting to trial counsel's saying that the Ozaukee County District Attorney offered a seven year sentence if Stibbe "would transfer her case from Federal Court to State Court." (Doc. 9 attach. 1.) Stibbe also attests that trial counsel said he turned down the offer because Stibbe "would never have to serve that kind of time in the Federal system." (Doc. 9 attach. 2.)

Whether a plea offer to a state-court charge by an Ozaukee County District Attorney was turned down by counsel without Stibbe's input and whether counsel provided inadequate advice regarding that offer in the Ozaukee case are immaterial matters for purposes of the present motion. The claimed plea offer involved separate charges by a separate sovereign, and not count 2 of the indictment as to which Stibbe pled guilty in this court. Stibbe has alleged nothing indicating that resolution of state-court charges would have invalidated or impacted the federal indictment or prosecution by the U.S. Attorney. Moreover, Stibbe had no right to have this case transferred to state court or the indictment in this case dismissed at the request of a state official. As a result, Stibbe suffered no prejudice regarding her federal case.

3

Moreover, Stibbe was aware of the penalties she faced in this case and pled guilty here, acknowledging a potential penalty of twenty years to life. *United States v. Stibbe*, No. 06-CR-223, Plea Agreement ¶ 6 (E.D. Wis. filed Aug. 29, 2008). She was aware that her sentence could exceed the seven years discussed regarding the state case, yet she pled guilty here nevertheless. Stibbe stated during the plea hearing that no one had promised her what sentence she would in fact receive at the federal level and was informed that this court was not bound by any recommendations that her lawyer, the government, or the U.S. Probation Office may have made to her in this case. *Id.* at 13-15. Stibbe acknowledged that prior to the hearing she had discussed all the elements of the offense to which she was pleading guilty, the mandatory statutory minimum required in this case and all civil rights she would be waiving upon entering her plea. *Id.* at 10-11. Furthermore, Stibbe testified during her plea hearing that no one promised what sentence she would receive in this case. *Id.* at 14. However, at no point during the hearing or at sentencing did Stibbe mention any qualms she had about foregoing a plea deal with the state. Again, Stibbe suffered no prejudice, as any deficient advice regarding her state case did not infect her plea or sentencing here.

Next, Stibbe asserts that trial counsel failed to argue at sentencing that her criminal history points should be reduced. She contends that three municipal retail theft violations and one criminal retail theft violation did not warrant four criminal history points. However, Stibbe is unable to establish either deficiency or prejudice. Stibbe's four retail theft convictions occurred within ten years of her federal crime, and Stibbe provides no authority for not counting them. Notwithstanding Stibbe's contention that trial counsel could have done more, trial counsel *did* argue that her criminal history category overinflated her record,

4

based on the nature of her offenses and the short time frame in which her offenses were committed. Hence, the general issue of her criminal history was raised; counsel's choice of how to raise it could be considered acceptable strategy. But more importantly, though criminal history III placed her in a range of 210 to 262 months and criminal history category I would have placed her in the range of 168 to 210 months, the guidelines range was trumped by the mandatory minimum sentence of twenty years. Even at the lower guidelines range, the mandatory minimum would have made the top and bottom of her range 240 months. A lower guidelines range would have made no difference.

Any argument that a lower guidelines range would have affected this court's final sentence is foreclosed by law of the case. On appeal, Stibbe argued that her guidelines range should have been lower, such that 240 months was the top and bottom of her range. But the Seventh Circuit saw

> nothing in the record to suggest that the court was tying the final sentence it chose to any particular percentage of the top of the calculated guidelines range. The court expressly noted that it was required by § 3553 to "consider multiple factors in determining an appropriate sentence" and that it was "not to impose a sentence any greater than what is necessary and just under the circumstances." In making that determination, the court recognized that the guideline range was just one of many factors. . . . And finally, when he explained why 96 months was a fair and reasonable sentence, the judge said nothing about the guideline range with which he had begun.

*United States v. Stibbe*, No. 09-1215, slip op. at 5 (7th Cir. July 20, 2009). According to the court, "[t]his record . . . contains not a whisper of evidence that the ultimate sentence the court chose was influenced by the fact that the starting point was a guideline range of 240 to 262 months, rather than a fixed point of 240 months." (*Id.* at 6.) Thus, Stibbe suffered no prejudice based on any failure to argue that the retail theft convictions should not have been counted.

5

Lastly, in her reply brief Stibbe suggests that trial counsel failed to argue that a lighter sentence was appropriate because she had procured the heroin in this case for her personal use rather than for distribution. Stibbe contends that at sentencing trial counsel failed to raise the issue of Congressional intent to treat consumers of drugs more leniently than distributors of drugs, pointing to *Abuelhawa v. United States*, 556 U.S. 816 (2009). Indeed, Stibbe is correct in noting that holding a buyer of illicit drugs (a misdemeanor) liable for facilitating the seller's distribution of drugs (a felony) would be contrary to the "congressional calibration of respective buyer-seller penalties." *Id.* at 821-22. In *Abuelhawa*, the purchaser organized two purchases of cocaine over the course of six telephone calls with a known cocaine dealer. *Id.* at 818. While the buyer's two purchases constituted misdemeanors under federal law, the dealer's distribution of the drugs constituted felonious conduct. *Id.* The government charged the purchaser with six felonies under the theory that his six telephone calls to the dealer facilitated the dealer's felonious conduct. *Id.* The Court found that allowing such a conviction would be contrary to Congressional intent to treat purchasers of drugs for personal use more leniently than distributing drugs. *Id.* at 822.

The facts of this case are distinguishable from *Abuelhawa*. Here, Stibbe pled guilty to a distribution felony, and the facts attached to her plea agreement, which she admitted the government could prove, supported that plea. The admitted facts established more than mere drug usage. Stibbe's son had connections with heroin dealers. She drove her son and others, to the dealers to buy heroin, she was paid in drugs, and one of those she drove died after ingesting the heroin he purchased. *See United States v. Stibbe*, No. 06-CR-223, Plea Agreement ¶ 5, Ex. A (E.D. Wis. filed Aug. 29, 2009). Whether or not Stibbe's motivation was to obtain heroin for personal use, she assisted in the distribution of the drug.

6

Hence, the failure of trial counsel to argue that consumer usage justified a lower sentence was not defective performance; Stibbe was involved in distribution, too.

Next, Stibbe challenges appellate counsel's performance. The sole argument counsel raised on appeal was that this court erred in denying a reduction of offense level for her minor role in the offense. *United States v. Stibbe*, No. 09-1215, slip op. (7th Cir. July 20, 2009). Stibbe contends that appellate counsel should have added that the facts of this case did not support her guilty plea.

Appellate counsel is ineffective only to the extent he fails to raise issues that are (1) obvious or (2) clearly stronger than the ones raised. *Gray v. Greer*, 800 F.2d 644 (7th Cir. 1985). To assess counsel's strategic choice of issues on appeal, a court can perform a simple review of the trial record and the appellate brief and must disregard any consideration of hindsight. *Id.*

Conviction for distribution of a controlled substance required that the government prove that (1) the defendant distributed the controlled substance alleged in the indictment; (2) the defendant did so knowingly or intentionally; and (3) the defendant knew the substance was a controlled substance. Seventh Circuit Federal Jury Instructions—Criminal 21 U.S.C. § 841(a)(1) (Distribution of a Controlled Substance—Elements) (1999).[1] Distribution is the transfer or attempted transfer of possession from one person to another. Seventh Circuit Federal Jury Instructions—Criminal § 841(a)(1) (Definition of Distribution) (1999). "Knowingly" means the defendant realized what she was doing and was aware of the nature of her conduct, and did not act through ignorance, mistake or accident. Seventh

---

[1] The language of the pattern instruction was revised in 2012, but the court uses the version in place at the time of Stibbe's criminal case.

7

Circuit Federal Jury Instructions—Criminal 4.06 (1999). Under 21 U.S.C. § 841(b)(1)©, a mandatory minimum sentence of twenty years applied "if death or serious bodily injury results" from the use of the controlled substance distribution. As stated above, Stibbe admitted that she aided and abetted the distribution of heroin, use of which resulted in a person's death. She knew she was driving her son and two others to obtain heroin. Stibbe admitted the factual basis attached to her plea agreement. Thus, there was no legal basis upon which counsel could have argued what Stibbe now suggests.

Finally, Stibbe submits that this court promised her a twelve month reduction in her sentence should she successfully complete a drug rehabilitation program within thirty months of her release from incarceration. Regardless of whether this is a proper § 2255 claim, it must be rejected. There has been no broken promise. At sentencing the court merely "recommended" that Stibbe participate in the Bureau of Prisons' 500-hour drug program and that upon successful completion within thirty months of her release from incarceration, Stibbe would have an "opportunity to reduce her sentence." *United States v. Stibbe*, 06-CR-223, Sent'g Hr'g Tr. ®. 425) at 35-36 (E.D. Wis. filed Mar. 17, 2009.)

CONCLUSION

For the foregoing reasons,

IT IS ORDERED Stibbe's motion under 28 U.S.C. § 2255 is denied.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2014.

BY THE COURT
/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE